UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANABEL RUIZ, et al.,

          Plaintiffs,                Case No.: 2:10-cv-01312-GMN-GWF

vs.

**ORDER**

ALL-AMERICAN & ASSOCIATES, et al.,

          Defendants.

      Pending before the Court are Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 29) and Defendant Penta Building Group, Inc.'s Motion to Dismiss (ECF No. 8). For the reasons that follow, both motions will be GRANTED.

**I.    BACKGROUND**

      This lawsuit arises out of Defendant All-American & Associates' alleged failure to pay its employees all of the wages they are owed. In addition to All-American & Associates and its various alter egos, Plaintiffs included Penta Building Group, Inc. ("Penta") as a defendant because it was allegedly "the original contractor" that hired All-American & Associates as subcontractors and is therefore potentially liable under Nev. Rev. Stat. § 608.150. (*See* Am. Compl. ¶ 23, ECF No. 24.)

      Plaintiffs now request leave to file a Second Amended Complaint, in which they seek to add Alfredo Zamudio, Juan Magallanes, and Vincente Cuevas as Plaintiffs and APCO Construction as a Defendant. These new Plaintiffs allegedly worked for All-American & Associates on a project for which APCO Construction was the original contractor, thus making APCO Construction potentially liable under Nev. Rev. Stat. § 608.150. (*See* Ex. 1, ¶ 26, ECF No. 29.) Mr. Cuevas also appears to have worked for All-American & Associates

on a project for which Defendant Penta was allegedly the original contractor. (*See* Ex. D, ECF No. 35.)

Defendant Penta opposes Plaintiffs' Motion for Leave to File a Second Amended Complaint, arguing that the parties Plaintiffs propose to add do not have a sufficient relationship to the transaction or occurrence underlying the First Amended Complaint to warrant joinder in the Second Amended Complaint. Penta further argues that leave to amend should not be given because many of the over 1,100 pages of exhibits attached to the proposed Complaint are irrelevant and improperly labeled.

## II.  DISCUSSION

### A.  Motion for Leave to Amend

Public policy strongly favors determination of cases on their merits; therefore, leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, bad faith, dilatory motive, or futility of amendment on the part of the moving party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). This policy of freely giving leave to amend "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Further, parties may be joined in a lawsuit if the right to relief asserted against or by them arises "out of the same transaction, occurrence, or series of transactions or occurrences" and any question of law or fact common to all of the plaintiffs or defendants, as appropriate, will arise in the action. Fed. R. Civ. P. 20(a). Here, all of the proposed plaintiffs' claims, like those of the current Plaintiffs, arise out of All-American & Associates' alleged failure to pay them for every hour worked and to compensate them for working overtime during a series of construction projects. All of them articulate claims that

will require an examination of whether they were paid for each hour worked in compliance with Nevada and Federal law and whether they were paid properly for their overtime labor under Nevada and Federal law.  Thus, joinder is appropriate with regard to the proposed plaintiffs.  To find otherwise would be to force All-America & Associates' employees to file separate suits based on interrelated underlying facts, which would clearly not further the interests of judicial economy and efficiency.

Proposed-Defendant APCO Construction may also be joined because the right to relief asserted against it arises out of the series of projects on which All-American & Associates was acting as APCO Construction's subcontractor when it allegedly failed to properly pay its employees.  Common to APCO Construction and the other Defendants will be the question of whether All-American & Associates paid its employees for every hour they worked and properly paid them overtime.  APCO Construction could be held liable for the monies owed on its project pursuant to Nev. Rev. Stat. § 608.150.

Although Penta claims that the proposed Second Amended Complaint would be "highly prejudicial," (Resp. 8:5, ECF No. 35), Penta does not clearly articulate exactly what the prejudice to it would be.  Part of Penta's argument seems to be that the Second Amended Complaint is untimely because the lawsuit was commenced seven months ago; however, undue delay alone is not enough to support denial of a motion for leave to amend, *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Penta also contends that "Penta should not be forced to respond to a proposed Second Amended Complaint with over a thousand pages of documents that have nothing to do with the allegations against it." (Resp. 5:20-22, ECF No. 35)  However, if the documents are truly irrelevant to the claims against Penta, then these documents will hardly be burdensome for Penta to address and respond to.

Penta further contends that leave to amend should not be granted because, as the over

1,100 pages of exhibits attached to the Complaint are generally irrelevant and improperly marked, the "Second Amended Complaint would not survive a Motion to Strike under Rule 12(f)." (Resp. 8:27-28, ECF No. 35.)  Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Thus, were Penta to specifically set forth the exhibits that it deems to be immaterial and/or impertinent, the Court could plausibly strike those exhibits or portions of them.  However, the rule does not provide that the complaint, itself, will be stricken in its entirety merely because "the vast majority of the 1,170 pages of documents [attached to it] have nothing to do with any alleged wage and hour claims," (Resp. 8:28-9:1, ECF No. 35).  Penta's argument that granting leave to file the Second Amended Complaint would be futile is therefore unconvincing.  Plaintiffs' Motion for Leave to Amend (ECF No. 29) will be granted.

       **B.**      **Motion to Dismiss**

           1.  <u>Standard</u>

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all

material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

2. <u>Analysis</u>

Penta originally filed its Motion to Dismiss (ECF No. 8) with regard to the initial Complaint, but the Motion is equally applicable to the First and Second Amended Complaints, as the allegations against Penta in the later Complaints are not substantively different.

In Nevada, an "original contractor" is liable for its subcontractors' nonpayment of "indebtedness for labor":

> Every original contractor making or taking any contract in this State for the erection, construction, alteration or repair of any building or structure, or other work, shall assume and is liable for the indebtedness for labor incurred by any subcontractor or any contractors acting under, by or for the original contractor in performing any labor, construction or other work included in the subject of the original contract, for labor, and for the requirements imposed by chapters 616A to 617, inclusive, of NRS.

Nev. Rev. Stat. § 608.150(1). Establishing that the defendant is an "original contractor" is therefore an essential element of a claim arising under Nev. Rev. Stat. § 608.150. *See Carpenters Southwest Administrative Corp. v. Thomas & Associates Mfg.*, No. 2:09-cv-

02202-GMN-PAL, 2010 WL 2763716 (D. Nev. July 12, 2010) (dismissing a claim of liability under Nev. Rev. Stat. § 608.150 where the complaint alleged facts indicating an owner-general contractor relationship, rather than a general contractor interacting with a subcontractor).

Here, Plaintiffs have failed to plead facts sufficient to make it plausible that Penta was, in fact, the original contractor. Instead, Plaintiffs merely plead--in an impermissibly conclusory manner--that "Defendant Penta Building Group, Inc. was at all times an original contractor as that term is used in NRS § 608.150," (Ex. 1, ¶ 50, ECF No. 29). Such a statement is only a legal conclusion and, without supporting facts, is insufficient to state a claim upon which relief can be granted. Plaintiffs need not provide detailed factual allegations, but they must plead enough facts to make it plausible that Penta was, indeed, an original contractor. None of Plaintiffs' Complaints have done so, nor have the relevant paragraphs of the Complaints cited to attached exhibits that tend to indicate that Penta was the original contractor. Accordingly, Plaintiffs' claims against Penta are dismissed with leave to amend. Because the Court was able to resolve the Motion to Dismiss on these grounds, it need not address the alternative grounds upon which Penta bases its motion, a few of which the Court has rejected in previous cases, *see, e.g., Daprizio v. Harrah's Las Vegas, Inc.*, No. 2:10-cv-00604-GMN-RJJ, 2010 WL 5099666 (D. Nev. Dec. 07, 2010).

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Penta Building Group, Inc.'s Motion to Dismiss (ECF No. 8) is **GRANTED**. Plaintiffs' claims against Defendant Penta Building Group, Inc. in the Second Amended Complaint are dismissed with leave to amend. If Plaintiffs choose to amend, the newly-amended Complaint is due no later than twenty-one

1  (21) days after the issuance of this order.

2      DATED this 6th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge