# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANABEL RUIZ and ERICK GOMEZ, individually and on behalf of others similarly situated,

    Plaintiffs,

vs.

ALL-AMERICAN & ASSOCIATES, *et al.*,

    Defendants.

Case No.:  2:10-cv-01312-GMN-GWF

**ORDER**

Plaintiffs' Memorandum In Support of Attorney's Fees (#63)

  This matter is before the Court on Plaintiff's Memorandum in Support of Attorney's Fees (#63), filed on December 6, 2011.  No response was filed.

## BACKGROUND

  This case arises from an employment dispute where Plaintiffs allege that Defendants violated their individual and collective rights under the Fair Labor Standards Act, 29 U.S.C. §201 and Nevada state law.  On August 1, 2011, Plaintiffs served Defendant Donnita Spallitta and All-American Painting , Drywall & Wallcovering, LLC ("All-American") their First Set of Requests for Production.   Defendants failed to timely respond, but on September 16, 2011, Defendants Donnita Spallitta and All-American served their Response to Plaintiffs' First Set of Requests for Production of Documents.  In response,  Defendants produced no documents, but instead, objected to each request claiming that Defendants do not have possession of the requested documents.  A telephonic meet and confer was held on October 3, 2011, but no resolution was reached.   On October 19, 2011, Plaintiffs filed a Motion to Compel (#57).  No response was filed, and on November 22, 2011, the Court granted Plaintiffs' motion and ordered Defendants to produce all responsive documents by December 6, 2011.  The Court further awarded Plaintiffs their reasonable fees and costs associated with bringing the motion.  Plaintiffs submit this Memorandum, requesting

reimbursement in the amount of $3,878.00 related to the Motion to Compel and reimbursement of $567.00 related to the filing of this instant Memorandum.

**DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiffs request a total of $3,878.00 in fees associated with bringing the Motion to Compel (#57). Plaintiffs request reimbursement of attorneys' fees and costs at an hourly rate of $210.00 for the time of Rachel Wilson, Esq., and $100.00 for the time of Katherine Daubert, Ms. Wilson's legal assistant. After reviewing Plaintiffs' Memorandum and the affidavit of Rachel Wilson, the Court finds that the Plaintiffs have offered sufficient evidence that the above hourly rate is reasonable.

Plaintiffs' attorney states that she worked 6.8 hours preparing the Motion to Compel and her assistant worked 24.5 hours, for a total of 31.3 hours spent. Plaintiffs' counsel claims that a significant amount of time was spent "untangling the relationships of the various All-American entities" and researching case law to support the particular facts of the case. Considering the totality of the circumstances, the Court finds that the 6.8 hours spent by Ms. Wilson and 24.5 hours spent

by Ms. Daubert is a reasonable amount to prepare Plaintiffs' Motion to Compel.  Further, Defendants Donnita Spallita and All-American failed to file a response to Plaintiffs' Memorandum. Pursuant to LR 7-2(d), "failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion."

Plaintiffs also request reimbursement in the amount of $567.00 in fees incurred in reviewing the billing records and drafting this instant Memorandum.  The scope of the Court's Order (#61) however does not extend to Plaintiffs' fees associated with drafting this Memorandum. The Court therefore will not grant Plaintiffs any fees associated with preparing this Memorandum. Therefore, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees to the Plaintiffs in the amount of $3,878.00.  The relevant factors are subsumed in this calculation of the reasonable attorneys' fees,  and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants Donnita Spallitta and All-American is to pay Plaintiffs the total sum of  $3,878.00.  Defendants are further ordered to make full payment to Plaintiffs by **Wednesday, January 18, 2012.**

DATED this 3rd day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge