1
2
3
4        **UNITED STATES DISTRICT COURT**
5        **DISTRICT OF NEVADA**
6
7   ANABEL RUIZ and ERICK GOMEZ, individually )
    and on behalf of others similarly situated,        )
8                                                       )
                    Plaintiffs,                         )      Case No.:   2:10-cv-01312-GMN-GWF
9                                                       )
    vs.                                                 )      **ORDER**
10                                                      )
    ALL-AMERICAN & ASSOCIATES, *et al.*,                )
11                                                      )      Plaintiffs' Memorandum In
                    Defendants.                         )      Support of Attorney's Fees (#63)
12  _____ )

13          This matter is before the Court on Plaintiff's Memorandum in Support of Attorney's Fees

14  (#63), filed on December 6, 2011.  No response was filed.

15                          **BACKGROUND**

16          This case arises from an employment dispute where Plaintiffs allege that Defendants

17  violated their individual and collective rights under the Fair Labor Standards Act, 29 U.S.C. §201

18  and Nevada state law.  On August 1, 2011, Plaintiffs served Defendant Donnita Spallitta and All-

19  American Painting , Drywall & Wallcovering, LLC ("All-American") their First Set of Requests

20  for Production.   Defendants failed to timely respond, but on September 16, 2011, Defendants

21  Donnita Spallitta and All-American served their Response to Plaintiffs' First Set of Requests for

22  Production of Documents.  In response,  Defendants produced no documents, but instead, objected

23  to each request claiming that Defendants do not have possession of the requested documents.   A

24  telephonic meet and confer was held on October 3, 2011, but no resolution was reached.   On

25  October 19, 2011, Plaintiffs filed a Motion to Compel (#57).   No response was filed, and on

26  November 22, 2011, the Court granted Plaintiffs' motion and ordered Defendants to produce all

27  responsive documents by December 6, 2011.  The Court further awarded Plaintiffs their reasonable

28  fees and costs associated with bringing the motion.  Plaintiffs submit this Memorandum, requesting

1    reimbursement in the amount of $3,878.00 related to the Motion to Compel and reimbursement of

2    $567.00 related to the filing of this instant Memorandum.

3                                        **DISCUSSION**

4            The Supreme Court has held that reasonable attorney fees must "be calculated according to

5    the prevailing market rates in the relevant community," considering the fees charged by "lawyers of

6    reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96

7    n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee

8    awards.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must

9    calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation

10   and multiplying it by a reasonable hourly rate."  *Id.*  Furthermore, other factors should be taken into

11   consideration such as special skill, experience of counsel, and the results obtained.  *Morales v. City*

12   *of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should

13   submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of

14   hours is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*,

15   461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and

16   exceptional occasions], upward or downward using a multiplier based on factors not subsumed in

17   the initial calculation of the lodestar."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041,

18   1045 (9th Cir. 2000).

19          Plaintiffs request a total of $3,878.00 in fees associated with bringing the Motion to Compel

20   (#57).  Plaintiffs request reimbursement of attorneys' fees and costs at an hourly rate of $210.00 for

21   the time of Rachel Wilson, Esq., and $100.00 for the time of Katherine Daubert, Ms. Wilson's legal

22   assistant. After reviewing Plaintiffs' Memorandum and the affidavit of Rachel Wilson, the Court

23   finds that the Plaintiffs have offered sufficient evidence that the above hourly rate is reasonable.

24          Plaintiffs' attorney states that she worked 6.8 hours preparing the Motion to Compel and her

25   assistant worked 24.5 hours, for a total of 31.3 hours spent.  Plaintiffs' counsel claims that a

26   significant amount of time was spent "untangling the relationships of the various All-American

27   entities" and researching case law to support the particular facts of the case. Considering the totality

28   of the circumstances, the Court finds that the 6.8 hours spent by Ms. Wilson and 24.5 hours spent

                                                2

1   by Ms. Daubert is a reasonable amount to prepare Plaintiffs' Motion to Compel.  Further,

2   Defendants Donnita Spallita and All-American failed to file a response to Plaintiffs' Memorandum.

3   Pursuant to LR 7-2(d), "failure of an opposing party to file points and authorities in response to any

4   motion shall constitute consent to the granting of the motion."

5        Plaintiffs also request reimbursement in the amount of $567.00 in fees incurred in

6   reviewing the billing records and drafting this instant Memorandum.  The scope of the Court's

7   Order (#61) however does not extend to Plaintiffs' fees associated with drafting this Memorandum.

8   The Court therefore will not grant Plaintiffs any fees associated with preparing this Memorandum.

9   Therefore, based on the reasonable hourly rates discussed above, the Court will award attorneys'

10  fees to the Plaintiffs in the amount of $3,878.00.  The relevant factors are subsumed in this

11  calculation of the reasonable attorneys' fees,  and there are no other exceptional circumstances

12  which warrant enhancement or reduction of the fees.  Accordingly,

13       **IT IS HEREBY ORDERED** that Defendants Donnita Spallitta and All-American is to pay

14  Plaintiffs the total sum of  $3,878.00.  Defendants are further ordered to make full payment to

15  Plaintiffs by **Wednesday, January 18, 2012.**

16       DATED this 3rd day of January, 2012.

18  _____
    GEORGE FOLEY, JR.
19  United States Magistrate Judge

3