UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANABEL RUIZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No.: 2:10-cv-01312-GMN-GWF |
| ) | |
| JIM SPALLITTA, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiffs' Motion for Collective Action Certification and Court-Supervised Notice of Pending Collective Action (ECF No. 54) pursuant to 29 U.S.C. § 216(b). Defendants filed no opposition to the motion.

## I. BACKGROUND

Plaintiffs' Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., wage and hour provisions of the Nevada Revised Statutes, and common law breach of contract/quasi-contract. (Second Am. Compl., ECF No. 38.) Two of Plaintiffs' Claims for Relief are brought as a collective action: (1) Failure to pay minimum wage pursuant to FLSA, 29 U.S.C. § 206 and Nev. Rev. Stat. 608.150; and (2) Failure to pay overtime pursuant to FLSA, 29 U.S.C. § 207 and Nev. Rev. Stat. 608.150. (*Id.*)

Plaintiffs' motion requests that the Court issue an order conditionally certifying the collective action pursuant to 29 U.S.C. § 216(b). Pursuant to *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), Plaintiffs also request that notice be given to all workers who failed to receive wages from Defendants in violation of the federal and state laws addressed in the Complaint. Plaintiffs describe the proposed class as "all persons who have been employed, are employed, or will be employed by the Subcontractors within the applicable limitations

periods." (Second Am. Compl., 7:4-6, ECF No. 38.)  Plaintiffs assert that "[t]he class includes over 40 individuals" and that "[j]oinder of all class members is impracticable." (*Id*. at 7:8-9.)  In the instant motion, Plaintiffs define putative class members as: "All non-salaried workers who performed work for [Defendant] All-American for the time period from August 4, 2007 to the present." (Motion for Cert. of Collective Action, 8:1-4.)

## II.   LEGAL STANDARD

Section 216(b) of the FLSA provides that one or more employees may bring a collective action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  While a plaintiff may bring an action on behalf of himself and others similarly situated, "no employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." *Id*.  "Although § 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, the Supreme Court held in *Hoffman-La Roche*[*, Inc. v. Sperling*, 493 U.S. 165, 171 (1989)] that it is 'within the discretion of a district court' to authorize such notice." *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).

"[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp*., 79 F.3d 1086, 1096 (11th Cir.) (alteration in original) (internal quotation marks omitted).  "[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Id*. at 1097.  "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id*. (internal quotation marks omitted).

The FLSA does not define "similarly situated."  A majority of courts have adopted a two-step approach for determining whether a class is "similarly situated." *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004); *Misra v. Decision One Mortg. Co., LLC*, 673

F.Supp. 2d 987, 992–93 (C.D. Cal. 2008); *Williams v. Trendwest Resorts, Inc.*, 2006 U.S. Dist. LEXIS 89370, 2006 WL 3690686, at *4 (D. Nev. Dec. 7, 2006); *Pfohl v. Farmers Ins. Grp.,* No. 2:03-cv-03080-DT-RC, 2004 WL 554834, at *2 (C.D. Cal. Mar. 1, 2004).  This approach involves notification to potential class members of the representative action in the first stage followed by a final "similarly situated" determination after discovery is completed.

"Since this first determination is generally made before the close of discovery and based on a limited amount of evidence, the court applies a fairly lenient standard and typically grants conditional class certification." *Misra*, 673 F.Supp.2d at 993 (citing *Leuthold*, 224 F.R.D at 467; *Pfohl*, 2004 WL 554834, at *2).  At the initial notice stage, plaintiff needs only to make a modest factual showing sufficient to show that the putative class members were victims of "a common policy or plan that violated the law." *Id.* (quoting *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp. 2d 234, 238 (N.D. N.Y. 2002)).  If the court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in" by a certain deadline. *Id.*

The second stage determination is held after discovery is complete and the matter is ready for trial. *Id.*  At this stage the court can make a factual determination on the similarly situated question weighing such factors as "(1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appear to be individual to each plaintiff, and (3) fairness and procedural consideration." *Id.* (citing *Pfohl*, 2004 WL 554834, at *2).  If the claimants are similarly situated, the collective action proceeds to trial. *Id.*  If claimants are not similarly situated, the court decertifies the class and the opt-in plaintiffs are dismissed without prejudice. *Id.*

## III.   DISCUSSION

Because the instant litigation is at the first "notice" stage, the Court will apply the more lenient standard to Plaintiffs' motion, requiring only that Plaintiffs "make a modest factual showing sufficient to show that the putative class members were victims of a common policy or

plan that violated the law." Here, Plaintiffs allege that Defendants "did not pay overtime, even when overtime hours were recorded on pay stubs," and that this pattern later devolved into "a policy of not paying workers at all." (Motion for Collective Action Cert., 6:1-2, ECF No. 54.) Plaintiffs allege that no overtime premiums were paid even when overtime was stated on Plaintiffs' pay stubs. (*Id*. at 6:22-25, 7:1-10.)  Plaintiffs submit pay stubs of Timothy Rodriguez and Elda Rodriguez in support of these allegations. (*Id*. at Exs. A-B.)  Plaintiffs also submit an affidavit by Plaintiff Vicente Cuevas describing similar patterns of failure to pay overtime throughout his employment with Defendants. (*Id*. at Ex. E.)

Based on the allegations and evidence submitted by Plaintiffs, the Court finds that Plaintiffs satisfy the required showing. The Court will therefore conditionally grant collective action certification.

Plaintiffs also request equitable tolling of the statute of limitations based on Defendants' alleged misrepresentations of facts to employees regarding employees' rights and legal claims. Plaintiffs submit the affidavits of Plaintiff Vicente Cuevas and Alfredo Zamudio to support allegations that: (1) a supervisor made a phone call to Cuevas with the intent to prevent Cuevas from filing a report with the Nevada Labor Commissioner; and (2) Zamudio was induced by a supervisor to believe that he had to choose between continuing to work and getting paid. Plaintiffs argue further that Defendants will not be prejudiced by a grant of tolling, since they have had notice of Plaintiffs' intent to pursue a collective action since that time.  Particularly in light of Defendants' failure to respond or oppose the motion,[1] the Court finds that these allegations and evidence are sufficient to grant Plaintiffs' request to equitably toll the statute of limitations from August 4, 2010 through the date 120 days after notice is mailed.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Collective Action Certification

---

[1] Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).

(ECF No. 54) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is conditionally certified as a representative collective action.

**IT IS FURTHER ORDERED** that Plaintiffs are authorized to disseminate a notice to the prospective collective action class, pending the Court's approval of the form of notice.

**IT IS FURTHER ORDERED** that the statute of limitations shall be equitably tolled from August 4, 2010 through the date 120 days after notice is mailed.

**IT IS FURTHER ORDERED** that the remainder of Plaintiffs' motion regarding notice dissemination, approval of the form of the proposed notice (Ex. G to Motion for Collective Action Certification, ECF No. 54-7) and scheduling is referred to Magistrate Judge George W. Foley.

**DATED** this 6th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge