# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANABEL RUIZ; ERICK GOMEZ; ALFREDO ZAMUDIO; JUAN MAGALLANES; and VICENTE CUEVAS, individually and on behalf of other persons similarly situated,

        Plaintiffs,

vs.

ALL-AMERICAN & ASSOCIATES; JIM SPALLITTA, D/B/A ALL-AMERICAN PAINTING, WALLCOVERING, & DRYWALL; DONNITA SPALLITTA; ALL-AMERICAN PAINTING, DRYWALL & WALLCOVERING, LLC; PENTA BUILDING GROUP, INC.; and APCO CONSTRUCTION,

        Defendants.

Case No.: 2:10-cv-01312-GMN-GWF

**ORDER**

Pending before the Court is the Motion for Partial Summary Judgment against Defendant APCO Construction (ECF No. 73) filed by Plaintiffs Anabel Ruiz, Erick Gomez, Alfredo Zamudio, Juan Magallanes, and Vicente Cuevas (collectively, "Plaintiffs"). Also before the Court is the Countermotion (ECF No. 86) filed by Defendant APCO Construction along with the Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 81).[1] Plaintiffs filed a Reply to the Motion for Partial Summary Judgment (ECF No. 87), and an Opposition to Defendant APCO Construction's Countermotion (ECF No. 90), and Defendant APCO Construction filed a Reply to the Countermotion (ECF No. 92).

---

[1] Although APCO Construction filed the Opposition and Countermotion as one document, the Clerk's Office re-filed it as two documents to reflect the two separate requests.

## I. BACKGROUND

This action was originally filed on August 4, 2010, to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. as well as under Nevada state law. (ECF No. 1.)  The three named Defendants were (1) All-American & Associates ("All-American"), which was registered as a Nevada Corporation; (2) Jim Spallitta d/b/a All-American Painting, Wallcovering & Drywall ("Jim Spallitta"), who was registered as a contractor licensed by the Nevada State Contractors Board; and (3) Penta Building Group, Inc. ("Penta"), which was named as an original contractor pursuant to NRS 608.150, that used All-American and Jim Spallitta as subcontractors. (*Id*.)

A Clerk's Entry of Default was filed in September 2010 as to Defendant All-American and Associates. (ECF No. 13.)  After Defendant Jim Spallitta died on September 11, 2010 (*see* Spallitta Obituary, Ex. J to First Am. Compl., ECF No. 24-11), a Summons was issued to his wife Donnitta Spallitta, as successor to the estate. (*See* ECF Nos. 16, 17, 18.)

Plaintiffs' First Amended Complaint named additional Defendants Donnitta Spallitta as a general partner in the partnership by estoppel of Jim Spallitta d/b/a All-American Painting, Wallcovering & Drywall ("the Partnership"), and All-American Painting, Drywall & Wallcovering, LLC ("the LLC"), a Nevada limited liability company that was apparently organized by Jim Spallitta after the filing of the original Complaint and which listed Donnitta Spallitta as the sole managing member. (*See* Exs. H, I to First Am. Compl., ECF No. 24.)

The Court dismissed Defendant Penta in March 2011, and gave Plaintiffs leave to file their Second Amended Complaint adding APCO Construction as a Defendant pursuant to NRS 608.150. (ECF Nos. 37, 41.)  At that stage of the litigation, the only remaining Defendants were Donnitta Spallitta and All-American Painting, Drywall & Wallcovering, LLC.  The Second Amended Complaint was filed on April 1, 2011. (ECF No. 38.)

In February 2012, counsel for Donnitta Spallitta advised the Court that his client intended to file for bankruptcy (ECF No. 74), and a Notice of Bankruptcy was filed on March 14, 2012 (ECF No. 83).

On March 6, 2012, the Court conditionally certified the action as a collective action for Plaintiffs' two FLSA claims, and authorized dissemination of a notice to the prospective collective action class, pending the approval of the form of the notice. (Order, March 6, 2012, ECF No. 80.)  However, Plaintiffs later requested that the Court defer any ruling approving notice. (Mins. of Proceedings, ECF No. 88.)

In June 2012, a Clerk's Entry of Default was filed as to Defendant All-American Painting, Drywall, and Wallcovering, LLC. (ECF No. 102.)

Now, at this stage of the litigation, the only Defendants remaining in the action are Donnitta Spallitta, who has filed for bankruptcy and is currently unrepresented by counsel, and APCO Construction.

Plaintiffs' Second Amended Complaint alleges the following claims for relief against Defendant APCO Construction, alleging that APCO Construction is jointly liable for all monies due for work on its projects pursuant to NRS 608.150: (1) Failure to Pay Minimum Wage, FLSA, 29 U.S.C. § 206; (2) Failure to Pay Overtime, FLSA, 29 U.S.C. § 207; (3) Class Action to Recover Wages, NRS 608.250; (4) Class Action to Recover Unpaid Overtime, NRS 608.018; (5) Action to Recover Waiting-Time Penalties, NRS 608.040(1), 608.050; and (6) Breach of Contract/Quasi-Contract based on pay stubs listing an hourly wage. (Second Am. Compl., ECF No. 38.)  Plaintiffs Zamudio, Magallanes, Cuevas, *et al.* separately allege two additional claims: (7) Breach of Contract, as third-party beneficiaries, based on APCO Construction's contract with the City of Las Vegas on the Atrium Business Tower; and (8) Action to Recover Prevailing Wages, NRS 338.010 *et seq.*, 338.050, and NAC 338.040(3). (*Id.*)

/ / /

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and

the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

## III. DISCUSSION

### A. Plaintiffs' Motion for Partial Summary Judgment

In paragraph twenty-six of the Second Amended Complaint, Plaintiffs allege that "Defendant APCO Construction is an original contractor who used the Subcontractors [Defendants All-American, the Partnership, the LLC, and Donnitta Spallitta] on projects during the applicable time period." (Second Am. Compl., 5:¶26, ECF No. 38.)

However, in its Answer, APCO Construction states that "APCO admits only that it was the prime contractor on the Atrium project for the City of Las Vegas," and "denies the remaining allegations of paragraph 26." (Answer, 2:¶7, ECF No. 43.)

In their Motion for Partial Summary Judgment against Defendant APCO Construction, Plaintiffs argue that (1) all Plaintiffs except Anabel Ruiz and Erick Gomez worked on the Atrium Business Tower project, (2) that APCO Construction was the general contractor for the Atrium project, and (3) that Plaintiffs were not paid for all or part of their work on the Atrium project, and that therefore APCO Construction is liable for Plaintiffs' damages. (Pls.' Mot. for Partial Summ. J., 1:25-28, ECF No. 73.)

Plaintiffs allege that Defendants All-American and/or Jim Spallitta subcontracted with APCO Construction to perform painting and drywall work. (Pls.' Mot. for Partial Summ. J., 2:2-10, ECF No. 73.) In support, Plaintiffs attach a copy of the Subcontract Agreement between APCO Construction and All-American & Associates. (Ex. E to Pls.' Mot. for Partial Summ. J.)

In the Response, APCO Construction submits the Declaration of Joe Pelan and states that it was "serving as general contractor for the City of Las Vegas renovating at the Atrium project," and points out that it did not enter into any agreement with the LLC. (Def.'s Resp.,

3:12-18, Ex. 1, ECF No. 81.) APCO Construction then argues that a genuine issue of material fact exists as to which Plaintiffs, if any, worked for All-American, and by extension, APCO Construction on the Atrium project. The Court agrees.

Parties may object to material cited in support of or in opposition to a motion for summary judgment on the basis that it cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2). Furthermore, affidavits or declarations used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

Federal Rule of Evidence 901 requires authentication or identification as a condition precedent to admissibility, which may be satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a). Unauthenticated documents cannot be considered on a motion for summary judgment, and in order to be considered a document must be authenticated by and attached to an affidavit that meets the requirements of Federal Rule of Civil Procedure 56(c)(4). *See Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) (citing the 1987 version of Fed. R. Civ. P. 56). Documents without a proper foundation cannot be relied upon to support or defeat a motion for summary judgment. *Id.* (citing *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976); *United States v. Dibble*, 429 F.2d 598, 601-02 (9th Cir. 1970)).

Here, Plaintiffs rely on the unauthenticated declarations of Alfredo Zamudio, Vicente Cuevas, and Juan Magallanes to establish their dates of employment for All-American and to identify the other Plaintiffs who worked with them. (Pls.' Mot. for Partial Summ. J., 2:4-6, Exs. A-C.) Plaintiffs also submit a paycheck stub for Juan Magallanes to establish his employment with All-American. (*Id*. at 2:6-7, Ex. D.) The pay stub, for the period of October 3, 2010 through October 9, 2010, names "Juan Magallanes" as the recipient, and "All American

Painting" as the employer, and does not describe the work done or the location. (Ex. D to Pls.' Mot. for Partial Summ. J.)

In a letter from Joe Pelan, Contract Manager for APCO Construction, to Rachel Wilson, counsel for Plaintiffs, he states that "APCO has records for Juan Magallanes and Vicente Cuevas which show up on our records for the month of October and are included in our joint investigation with the State Labor Board." (Ex. O to Pls.' Mot. for Partial Summ. J.) However, there is no further documentation of the exact dates of employment.

The remainder of Plaintiffs' evidence in support of the motion consists of unauthenticated and incomplete work reports and handwritten records to establish that all Plaintiffs, except Anabel Ruiz and Erick Gomez, performed work on the Atrium project. While the Court acknowledges the plausibility of Plaintiffs' claims, the evidence before the Court is not sufficient to support granting summary judgment in favor of Plaintiffs pursuant to Federal Rule of Civil Procedure 56. Such evidence is deemed properly presented to the Court only after a proper foundation has been laid. Accordingly, the motion will be denied.

**B.  APCO Construction's Countermotion**

Although the Clerk's Office designated the Countermotion as a "Countermotion for Summary Judgment" in the docket, Defendant APCO Construction does not specify the relief requested, the specific claims addressed, nor does it include a separate legal standard indicating the relief requested. There are eight separate claims that this Countermotion could possibly address[2], and nowhere does APCO Construction specify which claims it opposes. The Countermotion argues that Plaintiffs' claims for penalties or fees against APCO Construction are "not recoverable and should be dismissed," and also requests that the Court "deny the

---

[2] These are: (1) Failure to Pay Minimum Wage, FLSA, 29 U.S.C. § 206; (2) Failure to Pay Overtime, FLSA, 29 U.S.C. § 207; (3) Class Action to Recover Wages, NRS 608.250; (4) Class Action to Recover Unpaid Overtime, NRS 608.018; (5) Action to Recover Waiting-Time Penalties, NRS 608.040(1), 608.050; (6) Breach of Contract/Quasi-Contract based on pay stubs listing an hourly wage; (7) Breach of Contract; and (8) Action to Recover Prevailing Wages, NRS 338.010 *et seq.*, 338.050, and NAC 338.040(3).

Plaintiffs' Motion for Partial Summary Judgment and dismiss the case." (Countermotion, 13:6-7, 18, 19, ECF No. 86.)  These two statements could indicate either a request for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or for summary judgment pursuant to Rule 56.  Although Plaintiffs and APCO Construction treat the separately filed Countermotion as a request for summary judgment in the Response and Reply, because the relief requested remains unclear, the Court will deny the Countermotion without prejudice.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (ECF No. 73) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant APCO Construction's Countermotion (ECF No. 86) is **DENIED without prejudice**.

**DATED** this 28th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge