**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Anabel Ruiz, et al., individually and on behalf of other persons similarly situated,

Plaintiffs,

vs.

APCO Construction et al.,

Defendants.

Case No.: 2:10-cv-1312-JAD-GWF

**Order Regarding Attorney Fees and Costs**

Plaintiffs Alfredo Damudio, Juan Magallenes, and Vicente Cuevas alleged they were employees of All-American and Associates who performed work on the Atrium project, a City of Las Vegas public-works construction project.[1]  All-American failed to pay them, and they sought to hold APCO Construction—the general contractor who subcontracted with their employer All-American—responsible for their unpaid wages under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Nevada labor code, and Nevada common law.  The court granted summary judgment in APCO's favor on the two FLSA claims, declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims, and dismissed them without prejudice, subject to re-filing in Nevada State Court.  Doc. 133.[2]  APCO now moves for an award of attorney fees and costs, Doc. 136; plaintiffs oppose the request for fees and object to APCO's bill of costs.  Doc. 137.  I find that APCO has failed to demonstrate that its fees should be shifted to the plaintiffs, and I deny its motion for attorneys fees.  I sustain in part, and overrule in part, plaintiffs' objections to APCO's bill of costs.

---

[1] Docs. 38 at ¶ 14; 112 at 1.

[2] Judgment was entered in favor of APCO on June 17, 2104.  Doc. 134.

**Discussion**

**A.    APCO's Motion for Attorney Fees**

APCO moves for $99,865.50 in attorney's fees and $4,574.35 in electronic research costs it incurred in defending this action. Doc. 136 at 1.[3] It argues that plaintiffs' suit was instituted and prosecuted in bad faith because: (1) APCO had informed plaintiffs of Nevada state administrative proceedings to settle some of the labor claims brought against All-American which APCO ultimately paid, *id.* at 2-3; (2) plaintiffs knew APCO was not their employer at the Atrium Project site, *id.* at 2-3;[4] and (3) the only reason APCO was sued "was to expand the amount of money Plaintiffs could recover by relying on the penalty and fee provisions of the FLSA." *Id.* at 5. APCO notes that it participated in a settlement conference with Magistrate Judge Foley on May 31, 2012, but "Plaintiffs were unwilling to settle without payment of penalties and legal fees to which they were not entitled under the prevailing wage laws of Nevada or the FLSA." *Id.* at 12, Affidavit of Christopher H. Byrd. APCO claims that this conduct warrants an award of fees under 28 U.S.C. § 1927, Federal Rule of Civil Procedure 54(d)(2), and the court's inherent power to sanction attorneys for litigation conduct. *Id.* at 7.

Rule 54(d)(2) allows a party who prevails in a case brought to judgment to seek attorney fees by specifying "the judgment and the statute, rule, or other grounds entitling the movant to the award."[5] 28 U.S.C. § 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[6] The Ninth Circuit

---

[3] APCO submitted a Bill of Costs on June 23, 2014, Doc. 134. This request will be considered in a separate order.

[4] APCO was not originally sued by plaintiffs; it was added as a defendant with the Second Amended Complaint. *See, e.g.*, Docs. 1, 29, 37, 38, 41.

[5] *Id.* Sanctions under either § 1927 or the court's inherent power do not require a party to have "prevailed" in the dispute, and the Court does not address that issue here. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762-65 (1980).

[6] *Id.*

conducts a subjective inquiry into the viability of § 1927 sanctions; while knowing or reckless litigation conduct is sanctionable,[7] merely negligent conduct is not.[8] "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass."[9] Section 1927 sanctions are only available "once a lawsuit has begun" and do not properly apply to an initial pleading.[10]

Additionally, the court may reach all stages of the litigation process under its inherent power to manage its docket "so as to achieve the orderly and expeditious disposition of cases."[11] These sanctions can include imposing attorney's fees where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[12] "Because of their very potency, inherent powers must be exercised with restraint and discretion."[13]

APCO has not demonstrated that plaintiffs' prosecution of this action against APCO was in bad faith, vexatious, wanton, or oppressive. As plaintiffs point out in their response, they were given leave to file an amended complaint to name APCO. Doc. 138 at 3. Rule 15(a) allows the court to deny leave to amend when it determines the amendment is sought in bad faith, prejudices the opposing party, or is futile.[14] The court noted in its leave order that "Proposed-Defendant APCO . . . may also be joined because the right to relief asserted against it arises out of the series of

---

[7] *In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir. 1996).

[8] *MGIC Indemnity Corp. v. Moore*, 952 F.2d 1120, 1121-22 (9th Cir. 1991).

[9] *In re Keegan*, 78 F.3d at 436.

[10] *Id.* at 435.

[11] *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *In re Keegan*, 78 F.3d at 435. Although sanctions for pleadings may also be imposed under Civil Procedure Rule 11, APCO does not raise this as a basis for its fee request.

[12] *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975).

[13] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *In re Keegan*, 78 F.3d at 435.

[14] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Chudacoff v. University Medical Center of So. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013).

1  projects on which All-American . . . was acting as APCO Construction's subcontractor when it
2  allegedly failed to properly pay its employees," and that APCO "could be held liable for the monies
3  owed on its project." Doc. 41 at 3. APCO never moved to dismiss the claim under Rule 12; instead,
4  it answered, participated in a settlement conference, and ultimately moved for summary judgment.
5  Thus, even though plaintiffs were ultimately unsuccessful in their pursuit of their claims against
6  APCO, the record does not support the conclusion that the claims are the product of a vexatious or
7  unreasonable prosecution to warrant an award of attorney fees.

8  Nor does plaintiffs' refusal to resolve their claims at settlement conference demonstrate bad
9  faith worthy of sanctions. At the time of the conference, plaintiffs' FLSA claims were still pending.
10 The decision not to settle is not alone evidence of recklessness or harassment. An award of § 1927
11 sanctions is simply unwarranted here. The motion for attorneys fees is denied.

**B.     APCO's Award of Costs**

APCO submitted a bill of costs seeking $62.78 for printing and $324.27 for copying, for a total of $387.05. Doc. 135 at 1-3. Plaintiffs timely objected. Doc. 137. The filing of the objection turned APCO's bill of costs into a motion and the objection is treated as plaintiffs' response.[15]

Under Rule 54(d)(1), a party who prevails in a case brought to judgment should be permitted to recover costs other than attorney fees "[u]nless a federal statute, these rules, or a court order provides otherwise."[16] 28 U.S.C. § 1920 provides that taxable costs include "Fees and disbursements for printing," and "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."[17] There is a strong presumption that costs should be awarded, and "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently

---

[15] *See* L.R. 54-13(b)(3) ("If an objection to a cost bill is filed, the cost bill shall be treated as a motion and the objection shall be treated as a response thereto.")

[16] *Id.*

[17] *Id.* at 1920(3)-(4).

persuasive to overcome the presumption in favor of an award."[18] Reasons supporting denial can include, *inter alia*, mere partial victory by the prevailing party[19] or the prevailing party's failure to comply with the local rules.[20] The losing party has the burden of showing why the court should disallow requested costs.[21]

### *1.    Prevailing Party Status*

Plaintiffs first argue generally that APCO is not entitled to an award of costs because it was the prevailing party on only two of its nine claims, and thus is not the prevailing party under Rule 54(d). Doc. 137 at 2. A prevailing party exists in a lawsuit whenever there has been a "material alteration of the legal relationship between the parties."[22] The Ninth Circuit, has found that even where some of a party's claims are dismissed without prejudice to the party's right to seek relief in state court, it was not an abuse of discretion to award costs to the opposing party.[23] Similarly, the court finds that APCO was the prevailing party for purposes of Rule 54 and an award of costs in this case.

By extension, the court finds that APCO's failure to separate the costs it incurred in the prosecution of Counts I and II from and those incurred for other counts, Doc. 137 at 2, does not justify striking any portion of the bill. Not only has there been a "material alteration" in the party's legal relationship, but plaintiffs—who originally filed in federal court—now must pursue their Nevada state claims in a forum they did not choose. Plaintiffs' gesture to the bare fact that only two of the nine claims were disposed of, without more, does not justify segregating the bill of costs,

---

[18] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citing *Association of Mexican-American Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000)).

[19] *Association of Mexican-American Educators*. 231 F.3d at 592; *Tae-Si Kim v. Kearney*, 2012 WL 1964021, at *1 (D. Nev. May 31, 2012).

[20] *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir.2010).

[21] *Save Our Valley*, 335 F.3d at 945.

[22] *Buckhannon Bd. And Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001).

[23] *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003).

much less striking it.

### *2. Reasonableness of Specific Costs*

Plaintiffs next argue that many of APCO's copying charges should be disallowed because APCO "has not adequately demonstrated the reason for these charges." Doc. 137 at 2. They contend that all amounts except two September 27, 2011, charges for $4.00 and $13.00 do not correlate to any of APCO's known discovery disclosures. *See id.*[24] APCO responds that just because it kept a paper copy of records submitted electronically does not invalidate these copying costs. Doc. 140 at 3-4. APCO also offers the affidavit of counsel Christopher H. Byrd, who affirms that on January 30, 2012, he "signed APCO's Supplemental Initial Disclosure Statement and caused the disclosures and attached documents to be served upon Plaintiff's Counsel." *Id.* at 6. He also affirms that "the total number of documents produced by APCO to Plaintiffs exceeded 2000 pages." *Id.* Byrd's statements adequately cover any itemized, in-house document reproductions up to January 30, 2012, and these costs are allowable. But APCO's response does not indicate that any documents were produced after January 30, 2012, and thus does not rebut plaintiffs' implied contention that APCO did not produce any documents after that date. The two charges falling outside of this range—a $1.20 charge on June 12, 2012, and an $18.60 charge on November 29, 2012—are therefore disallowed.

Plaintiffs also argue that two different copy charges—a July 22, 2011, charge for "b/w blowbacks qty 1487"[25] and a July 13, 2011, charge for "light litigation copy services qty 1743" should be disallowed because all of APCO's discovery documents were produced to plaintiffs electronically. *See* Doc. 137 at 2. In response, APCO argues that "[t]he copying costs were related to copies of the client's file, hard copies of the discovery submitted to Plaintiffs and copies of discovery from other parties." Doc. 140 at 4. Byrd affirms that "copy costs were incurred to copy

---

[24] Plaintiffs also argue that a third charge for $1.20 is "clearly associated" with the "in-house document reproduction" charges. However, there are two charges for $1.20 each—dated January 30, 2012, and June 12, 2012—and neither date reasonably correlates with the disclosure production dates *plaintiffs* list in their response. The court disregards the $1.20 charge in this portion of plaintiffs' argument.

[25] According to plaintiffs, a "blowback" occurs when an electronic record is printed in paper form. Doc. 137 at 2.

portions of the client's file for the Atrium project and documents produced by All American." *Id.* at 6. APCO also concedes that it submitted its discovery disclosures to plaintiffs electronically and kept a paper file of the records for its own use. Thus, the July 13, 2011, charge and the July 22, 2013, charge reflect copies "obtained for [APCO's] own use," and Local Rule 54-6(a) requires they be disallowed.

Finally, plaintiffs challenge printing charges of $62.78, for "printing from PACER," arguing that counsel may obtain one free electronic copy of a court filing, and APCO's decision to print the records is not reasonable. Doc. 140 at 4. Trial courts in this district have found that PACER charges are not taxable under 28 U.S.C. § 1920,[26] which coincides with Local Rule 54-6(a)'s prohibition on permitting "[t]he cost of reproducing copies of motions, pleadings, notices, and other routine case papers."[27] Even if this provision did not apply, a free copy of these documents would have been made available to counsel, and they also fall under Local Rule 54-6(a)'s prohibition on copies obtained for counsel's own use. These printing charges are disallowed.

## Conclusion

Accordingly, and based on the foregoing reasons,

IT IS HEREBY ORDERED that APCO's Motion for Attorney's Fees **[Doc. 136] is DENIED**;

IT IS FURTHER ORDERED that APCO's Motion for Costs **[Doc. 135] is GRANTED** in part and **DENIED** in part: APCO is awarded $19.60 in copying costs.

Judgment is hereby entered in favor of APCO and against Plaintiffs in the amount of $19.60.

**All remaining plaintiffs are instructed to file a status report by September 15, 2014, advising the court of the status of any remaining claims and how they intend to proceed.**

DATED: September 5, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[26] *Tae-Si Kim*, 2012 WL 1964021, at *2.

[27] Nev. L.R. 54-6(a).